**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1394

PROJECTS MANAGEMENT COMPANY,

Plaintiff - Appellant,

v.

DYNCORP INTERNATIONAL LLC,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, Senior District Judge. (1:13-cv-00331-TSE-IDD)

Submitted: September 30, 2014          Decided: October 2, 2014

Before AGEE and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas B. Kenworthy, MORGAN, LEWIS & BOCKIUS LLP, Philadelphia, Pennsylvania, for Appellant. John F. O'Connor, David M. Crane, STEPTOE & JOHNSON LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Projects Management Co. ("PMC") brought this breach of contract action against DynCorp International LLC ("DynCorp") after DynCorp mistakenly made payments to the personal bank account of PMC's Managing Director, Hussein Fawaz, rather than to PMC. The evidence indicated that Fawaz used at least some of the money that DynCorp deposited in his account to benefit PMC. However, the only evidence regarding the amount of the benefit that PMC received from these payments was a conclusory affidavit submitted by PMC in response to DynCorp's motion for summary judgment. The district court granted summary judgment to DynCorp, holding that PMC had failed to prove damages because it had not offered triable evidence of the amount of benefit it received from DynCorp's deficient performance. PMC filed a motion for reconsideration, which the district court denied. PMC appeals these rulings. We affirm.

We review a district court's order granting summary judgment de novo. D.L. ex rel. K.L. v. Balt. Bd. of Sch. Comm'rs, 706 F.3d 256, 258 (4th Cir. 2013). Summary judgment is appropriate only where "there is no genuine [dispute] as to any material fact and . . . the movant is entitled to judgment as a matter of law." Seremeth v. Bd. of Cnty. Comm'rs Frederick Cnty., 673 F.3d 333, 336 (4th Cir. 2012) (internal quotation marks omitted). In determining whether a genuine dispute

2

exists, we "view[] the facts and the reasonable inferences therefrom in the light most favorable to the nonmoving party." Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). The ultimate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

The contract's choice-of-law provision provides that Virginia law applies to this case.[1] Under Virginia law, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 594 S.E.2d 610, 614 (Va. 2004). "The plaintiff bears the burden to establish the element of damages with reasonable certainty." Sunrise Continuing Care,

---

[1] The district court held that federal common law also applies to this case and applied both Virginia law and federal common law, finding them to be in agreement. PMC contests this holding on appeal. Because the district court's conclusion was correct under Virginia law, we do not reach the question of whether the district court erred by also applying federal law.

<u>LLC v. Wright</u>, 671 S.E.2d 132, 135 (Va. 2009). "The fundamental principle upon which the rule of damages is based is compensation." <u>Kirk Reid Co. v. Fine</u>, 139 S.E.2d 829, 837 (Va. 1965) (internal quotation marks omitted). "It is not the policy of [Virginia] law to award damages which would put a plaintiff in a better position than if the defendant had carried out his contract." <u>Id.</u> (internal quotation marks omitted). Accordingly, if the defendant's deficient performance has benefited the plaintiff in some way, the plaintiff must prove the difference between the benefit it received from the deficient performance and the benefit it would have received had the defendant performed properly. <u>Sunrise Continuing Care</u>, 671 S.E.2d at 135-37; <u>see also</u> Restatement (Second) of Contracts § 347 & cmt. b (1981) (stating this rule).[2]

Here, DynCorp performed deficiently by making its payments to the personal account of a PMC officer rather than to PMC's account, and it is undisputed that PMC received at least some benefit from this deficient performance. The only evidence that PMC produced regarding the amount of this benefit was a

---

[2] Contrary to PMC's arguments, the holding in <u>Burton's Executor v. Manson</u>, 129 S.E. 356 (Va. 1925), does not alter this rule. <u>Burton's Executor</u> concerned the affirmative defense of payment. <u>Id.</u> at 358. Here, there is no dispute regarding payment: it is undisputed that DynCorp did not pay PMC but instead made its payments to Fawaz's personal bank account. Instead, the issue in this case is the amount of benefit that PMC received from DynCorp's deficient performance.

4

conclusory affidavit. We hold that the district court concluded correctly that PMC failed to prove its damages to a reasonable certainty.

Accordingly, we affirm its decisions to grant summary judgment to DynCorp and to deny reconsideration.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[3] PMC argues that this result double-counts the benefits it received from Fawaz's account because the district court also dismissed a previous case involving another contract in which DynCorp mistakenly made payments to Fawaz's account. See Projects Mgmt. Co. v. DynCorp Int'l LLC, 734 F.3d 366 (4th Cir. 2013). However, that case was dismissed as a sanction for PMC's discovery abuses and not on the basis of any benefit PMC received from DynCorp's payments to Fawaz's account. Id. at 377. Moreover, the present case was dismissed due to PMC's failure to prove the amount of its damages and not due to a finding that the benefits it received from Fawaz's account rendered its damages zero. Accordingly, no double-counting occurred.